```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

_____
                               )
UNITED STATES OF AMERICA       )
                               )
          v.                   ) CRIMINAL ACTION NO. 08-10031-PBS
                               )
AARON ERIC BAILEY,             )
                               )
          Defendant.           )
_____)

**MEMORANDUM AND ORDER**

February 26, 2009

Saris, U.S.D.J.

## I. INTRODUCTION

Defendant Aaron Eric Bailey has moved to suppress a gun and ammunition seized during a warrantless search of a vehicle rented by his sister on the ground that the search was not incident to his arrest. Among other things, the government argues that the defendant does not have standing to challenge the search because he abandoned the car and because he was an unauthorized driver as well as an unlicensed one. A hearing was held on February 6, 2009; two Boston Police Officers, Vance C. Mills and Scott Roby, testified for the government. The motion to suppress is **DENIED**.

## II. BACKGROUND

On January 29, 2008, Boston Police Officers Mel Steele and Vance Mills were patrolling the Dorchester area of Boston in an unmarked cruiser. The officers observed a black Toyota

Highlander SUV traveling at an excessive rate of speed (50 mph in a 20-30 mph zone) and followed it.  The police also saw the vehicle commit a lane violation.  Although the vehicle's rear windows were tinted, when the vehicle made a U-turn, the police observed that the driver was the only person in the car. Attempting to initiate a traffic stop, the officers activated the cruiser's emergency lights.  The SUV came to a stop.

Officer Mills exited the cruiser.  Before Mills could begin to approach the vehicle, the SUV sped away at a high rate of speed.  A high-speed chase ensued.  The officers pursued the SUV for several blocks, including a brief jaunt up a one-way street the wrong way, until the defendant suddenly slammed on the brakes and jumped out of the driver's side of the SUV while the vehicle was still in motion.  The officers pursued Bailey on foot. Bailey fled through a number of residential backyards, at which point the officers lost sight of him.  Additional police officers, as well as a K-9 unit, responded to the scene to assist in the search for Bailey.  Officers eventually located Bailey hiding in the backyard of a house.  He told Mills that another person in the car told him to run because he had marijuana and a scale.  No second person was found.  Mills and the defendant knew each other from numerous prior encounters; for instance, on January 5, 2008, Mills had made a motor vehicle stop of the defendant, who did not have a valid license.

After Bailey jumped out of the SUV, the vehicle rolled up

onto the curb and came to rest on the sidewalk against a fence at 125 Whitfield Street, with the rear of the vehicle protruding into the street. The SUV was still in drive, with the engine still running, the key in the ignition, the lights on, and the driver's-side door open. Officer Roby went into the glove compartment to get the registration. Having observed a metal object partially hidden behind the glove compartment, he reached back and was "shocked" to feel a gun trigger. Officers later recovered the gun, which was loaded. A marijuana blunt was also found on the driver's side of the vehicle.

The SUV was rented on January 11, 2008 by Lisa Bailey, defendant's sister, from Enterprise Car Rental Company. She said she gave the vehicle to defendant's friend Sean. According to the rental agreement, the defendant was not authorized to drive the SUV. Additionally, as mentioned earlier, the defendant did not have a valid driver's license.

### III. DISCUSSION

The government argues that Bailey lacked a reasonable expectation of privacy in the SUV because he abandoned the vehicle. In order to challenge a search or seizure, a defendant must have a reasonable expectation of privacy in the area searched or the item seized. See Rakas v. Illinois, 439 U.S. 128, 143 (1978). "It is well settled that if a defendant abandons property while he is being pursued by police officers,

3

he forfeits any reasonable expectation of privacy he may have had in that property." United States v. Soto-Beniquez, 356 F.3d 1, 36 (1st Cir. 2004)(citing Abel v. United States, 362 U.S. 217, 241 (1960)). "To demonstrate abandonment, the government must establish by a preponderance of the evidence that the defendant's voluntary words or conduct would lead a reasonable person in the searching officer's position to believe that the defendant relinquished his property interests in the item searched or seized." United States v. Basinski, 226 F.3d 829, 836 (7th Cir. 2000). Courts "look at the totality of the circumstances, but pay particular attention to explicit denials of ownership and to any physical relinquishment of property." Id. at 837. "There is also a subjective component . . . in the sense that a defendant who is trying to show that he did not abandon property must also demonstrate that he actually expected the item to remain private." Id. at 837 n.2.

In circumstances similar to these, courts have held that a defendant who flees on foot after a vehicular chase has abandoned the vehicle. See e.g., United States v. Edwards, 441 F.2d 749, 750-51 (5th Cir. 1971) (finding abandonment where defendant ran his car off the road while being pursued by police, jumped from the car, leaving the engine running and the lights on, and continued to flee on foot); United States v. Lynch, 290 F. Supp. 2d 490, 494-97 (M.D. Pa. 2003) (stating, in dicta, that "abandonment would be sufficient reason" for the court to deny

defendant's motion to suppress where he fled from his vehicle, "leaving the driver's door open and the motor running", after ramming police cruiser).

In this case, with the police in pursuit, Bailey jumped from a moving SUV and fled, leaving the SUV to lurch onto a sidewalk, with the door still open, the engine still running, and the keys in the ignition. By doing so, he abandoned the SUV and forfeited any reasonable expectation of privacy in the SUV.

The government also argues that Bailey lacked a reasonable expectation of privacy in the SUV because he was neither a licensed driver nor an authorized user of the SUV. Courts are split on whether a defendant can have a reasonable expectation of privacy in a rental vehicle which he is not authorized to drive. See United States v. Thomas, 447 F.3d 1191, 1196-97 (9th Cir. 2006) (describing the "three approaches" courts have taken to "determin[e] when an unauthorized driver of a rental vehicle has standing to challenge a search."); United States v. Crisp, 542 F. Supp. 2d 1267, 1277-79 (M.D. Fla. 2008) (summarizing decisions and stating, in dicta, that "the weight of authority" supports the conclusion that an unauthorized driver "does not have a legally cognizable expectation of privacy" in the vehicle); compare United States v. Wellons, 32 F.3d 117, 119 (4th Cir. 1994) (applying a bright-line rule that a person who is not authorized to drive in the rental agreement cannot have a reasonable expectation of privacy), with United States v. Best,

135 F.3d 1223, 1225 (8th Cir. 1998) (holding that an unauthorized driver generally does not have standing unless he can demonstrate that he had the permission of the authorized driver), and Thomas, 447 F.3d at 1199 (adopting the Eighth Circuit's approach that an unauthorized driver may have standing if he has received permission to use the car), with United States v. Smith, 263 F.3d 571, 586 (6th Cir. 2001) (stating that "as a general rule," an unauthorized driver will not have a reasonable expectation of privacy but eschewing a "bright line test" and adopting a totality of the circumstances, case-by-case approach).

Notably, however, the defendant in this case was not only an unauthorized driver, but also an unlicensed one.  At least two courts have convincingly reasoned that any expectation of privacy by such a defendant is not reasonable because the defendant "should not have been driving any car, much less a rental car that [the rental company] never would have given him permission to drive."  United States v. Haywood, 324 F.3d 514, 516 (7th Cir. 2003) (holding that the unauthorized and unlicensed defendant driver lacked standing to challenge the search of the vehicle); Crisp, 542 F. Supp. 2d at 1281 (concluding that because the defendant was unauthorized and unlicensed, "society is not prepared to recognize Defendant's expectation of privacy as reasonable" and denying defendant's motion to suppress).

As an unauthorized and unlicensed driver, Bailey cannot reasonably have expected privacy from governmental intrusion

while driving the SUV.  Under the totality of these circumstances – abandonment, lack of authorization, and lack of a driver's license – any expectation of privacy was unreasonable.

## IV. CONCLUSION

Defendant's motion to suppress (Docket No. 25) is **DENIED**.


                                                **S/PATTI B. SARIS**
                                                UNITED STATES DISTRICT COURT